UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-93-H

LONG JOHN SILVER'S INC. and
A&W RESTAURANTS. INC.

                                                                                                                          PLAINTIFFS

V.

PATRICK NICKLESON, et al.                                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This case involves various claims made by Plaintiffs, Long John Silver's, Inc. ("LJS") and A&W Restaurants, Inc. ("A&W") against Patrick J. Nickleson and three of his business entities ("Defendants")[1] in connection with a series of failed restaurant franchises in Minnesota. Nickleson and Defendant Franchises filed for bankruptcy while this action was pending in this Court. Michael J. Innacone, Trustee of the bankruptcy estate of Nickleson, now moves on behalf of Nickleson and Defendant Franchises to transfer this case to the United States District Court of Minnesota pursuant to 28 U.S.C. § 1412.[2] In the alternative, he requests this Court to abstain from deciding this action pursuant to 28 U.S.C. § 1334(e). For the reasons set forth below, the Court will deny Defendants' motion.

---

[1] Nickleson is the sole owner, member, officer and manager of Patrick Nickleson Enterprises, LLC; Patricia Nickleson Enterprises, LLC; and PBJ Enterprises, LCC (collectively "Defendant Franchises").

[2] This Court has previously entertained Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Both § 1404 and § 1412 permit a district court to transfer a case or proceeding "in the interests of justice or for the convenience of the parties." Aside from the fact that § 1412 applies to bankruptcy-related matters, the standards applied to § 1404 and § 1412 are similar. *See City of Liberal v. Trailmobile Corp.*, 316 B.R. 358, 362 (D.Kan. 2004)("The plain language of § 1412 provides that it applies to a change of venue of a Title 11 Bankruptcy case or proceeding, while § 1404(a) refers generally only to a 'civil action.'"); *see also Bayou Steel Corp. v. Boltex Mfg. Co.*, 2003 WL 21276338, at *1 (E.D. La. June 2, 2003)(noting that "the analysis is essentially the same under each" statute as both statutes require "a discretionary determination of whether the transfer will serve the convenience of the parties and the interests of justice"). In September 2011, this Court denied Defendants' motion, holding that Minnesota was not the more convenient forum.

**I.**

On February 18, 2012, Plaintiffs filed their breach of contract, trademark infringement and unfair competition claims in this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. In their counterclaim against Plaintiffs, Defendants allege breach of contract, violations of the Minnesota Franchise Act and common law fraud.[3]

On May 4, 2012, Nickleson filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Minnesota ("Bankruptcy Court"). Accordingly, pursuant to 11 U.S.C. § 362(a), a Notice of Automatic Stay was filed in the case *sub judice* on May 17, 2012. In September 2012, Innacone moved for relief from the automatic stay which the Bankruptcy Court granted lifting the stay for the limited purpose of allowing this Court to decide the case at bar. Furthermore, the Bankruptcy Court authorized Plaintiffs to liquidate their claims against Defendants in this Court.

On November 6, 2012, Defendant Franchises filed for Chapter 7 in the Bankruptcy Court, resulting in another automatic stay. A month later, the Bankruptcy Court ordered that stay be lifted "so that litigation may proceed in all respects" in the case *sub judice*. Bankruptcy Orders, Dec. 12, 2012, ECF No. 28.

**II.**

Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district in the interests of justice or for the convenience of the parties." Such a "transfer is discretionary and the moving party must establish its burden by a preponderance of the evidence." *Shaver v. Orthodontic Ctrs. of Colo., Inc.*, 2007 WL 38665, at *2 (D. Colo. Jan. 4, 2007). Proper venue is presumed for a proceeding is the district in which the bankruptcy case is

---

[3] On March 28, 2011, Defendants filed suit in the District of Minnesota asserting the same claims. On August 31, 2011, the federal court in Minnesota stayed the action.

2

pending. *Hohl v. Bastian*, 279 B.R. 165 (W.D. Penn. 2002). However, strong presumption also favors the plaintiff's choice of forum. *VictoriaTea.com, Inc. v. Cott Beverages, Canada,* 239 F.Supp.2d 377, 381 (S.D.N.Y. 2003).

The statute appears to contain two requisites in warranting a transfer: "(1) it must be a 'case or proceeding under title 11,' and (2) the transfer must be either in the interest of justice or for the convenience of the parties." *Quesenberry v. Chrysler Group LLC*, 2012 WL 3109431, at *3 (E.D. Ky. July 31, 2012). The Court need not address the first requisite as Defendants have failed to establish that transfer of venue would either be in the interests of justice or promote the convenience of the parties.

In determining whether a transfer of venue pursuant to § 1412 will serve the interests of justice, courts consider "whether the transfer would promote the economic and efficient administration of the bankruptcy estate; whether the interests of judicial economy would be served by the transfer; whether the parties would be able to receive a fair trial in each of the possible venues; whether either forum has an interest in having the controversy decided within its borders; whether the enforceability of any judgment obtained would be affected by the transfer; and whether the plaintiff's original choice of forum should be disturbed." *TIG Ins. Co. v. Smolker*, 264 B.R. 661, 668 (Bankr. C.D. Cal. 2001)(internal citations omitted). The most significant consideration is whether the transfer would "promote the economic and efficient administration of the estate." *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1247 (5th Cir. 1979).

With the exception of the home court presumption, all of the relevant factors are either neutral or weigh in favor of Plaintiffs' original choice of forum. For one, transferring this action to Minnesota is unlikely to have any material impact on the administration of the Defendants'

bankruptcy cases. As discussed below, Defendants have already absolutely and unconditionally assigned their equitable and legal interest in this action to Platinum Bank.

In balancing the remaining factors, Defendants have failed to meet their burden of showing that transferring this case would be more convenient for all the parties. This matter was originally filed on February 18, 2011, and a transfer of venue has already been entertained and denied. This motion comes after months of extensive briefing regarding the Plaintiffs' motion to dismiss Defendants' counterclaims. A transfer this late in the litigation will likely result in some delay and needlessly waste both judicial and party resources.

Moreover, a transfer would deprive Plaintiffs of their choice of forum. Notably, the Trustee specifically asked for and received permission from the Bankruptcy Court to proceed with litigation in this Court. In a recent hearing before the Bankruptcy Court, the bankruptcy judge indicated that he would likely remand the case if it was transferred to his court. In sum, Defendants have not borne the burden of proving that this action should be transferred pursuant to § 1412.

### III.

Under 28 U.S.C. § 1334(e), "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such a case, and of property of the estate." Defendants argue that the legal and equitable interests in the causes of actions pending in this Court are property of the estate. As such, § 1334(e) divests this court of jurisdiction and confers exclusive jurisdiction over such property to the district court in which the bankruptcy petition was filed.

As a threshold matter, is it important to determine the ownership of Defendants' counterclaims. Prior to filing for bankruptcy, Nickleson and Defendant Franchises assigned all of

4

their interests in the counterclaims against Plaintiff to a third-party, Platinum Bank. Plaintiffs argue that due to this assignment, the counterclaims are not property of the estate.

The assignment contracts state that Defendants assign "all existing or future claims, rights, interests, and causes of actions against third parties, including, without limitation, franchisors with respect to its former or present franchised business." Assignment of Claims and Lawsuit Proceeds, Aug. 28, 2012, Doc 35.3. There is no language indicating a reservation of right. Consequently, Defendants hold no residual interest in their counterclaims against Plaintiffs. Pursuant to the unconditional and absolute assignments, Platinum Bank is the holder of interests in the counterclaims. As such, the counterclaims are not property of the estate and § 1334(e) is inapplicable.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to transfer venue, or in the alternative, to abstain, is DENIED. The Court will consider other pending motions in due course.

cc:     Counsel of Record