UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-93-H

LONG JOHN SILVER'S INC. and
A&W RESTAURANTS, INC.

                                                            PLAINTIFFS

V.

PATRICK NICKLESON, et al.                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff A&W Restaurants, Inc.'s ("A&W") motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) to forbid Defendants[1] from compelling A&W to testify on certain financial information relating to the sale of the A&W brand. This action stems from a suit involving a series of failed restaurant franchises in Minnesota. Defendants' deposition notice for an A&W corporate representative contained two topics A&W objects to: (1) the sale of A&W to A Great American Brand LLC ("AGAB"), including, but not limited to, details related to potential liabilities of A&W which accrued prior to the sale of the A&W system but were not liquidated at the time of sale, and (2) the terms of sale of the A&W franchise systems by Yum! Brands, Inc.  A&W argues that the information sought is either confidential, irrelevant, or unavailable to A&W.

I.

Parties are entitled to the discovery of any "nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1).  "Relevant information need not be admissible

---

[1] Defendants are the following: Patrick Nickleson, Patrick Nickleson Enterprises, LLC, Patricia Nickleson Enterprises, LLC, and PBJ Enterprises, LLC.

at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, this right is not absolute. *See* FED. R. CIV. P. 26(c)(1). For example, a party is entitled to protection against discovery of any "trade secret or other confidential research, development, or commercial information." FED. R. CIV. P. 26(c)(1)(G). Once the party opposing discovery establishes that the information sought is confidential and potentially harmful if discovered, "the burden shifts to the party seeking discovery to establish that the disclosure is relevant and necessary to the action." *Evercom Sys., Inc. v. Combined Pub. Commc'ns, Inc.*, 2012 WL 3555314, at *4 (W.D. Ky. Aug. 16, 2012). "If proof of relevancy or need is not established or if discovery would nevertheless be unreasonable, oppressive, annoying, or embarrassing, or otherwise unduly injurious, discovery should be denied." *Id.*

    A&W claims that the objectionable topics demand company financial information that is both confidential and proprietary. Additionally, A&W contends that the information is irrelevant to the remaining claims in the case. Defendants maintain that the information sought speaks to A&W's motivation for pursing this case against Defendants, and whether A&W quantified potential liability to Defendants.

    Here, A&W has shown good cause why a protective order should be granted. According to its motion, Yum! Brands Inc. sold the A&W brand rights to AGAB through a confidential bidding process and subsequent confidential sale and purchase agreement. Information concerning this sale is included in Yum! Brand Inc.'s Form 10-K filing with the U.S. Securities and Exchange Commission and various Franchise Disclosure Documents. A&W contends that any additional information not found in those disclosures is confidential. This Court agrees.

    The information is highly proprietary in that it is a part of a confidential corporate

transaction. Parties often bargain for confidentiality in a contract, and that confidentiality should be respected by the Court except in circumstances when the information is truly relevant and necessary to the action.

The claims remaining in the case involve Defendants' failure to comply with franchise and guaranty obligations and A&W's misrepresentation of financial projections. The terms of the sale to AGAB, which occurred years later, have no bearing on the remaining claims. The sale did not directly, or even indirectly, implicate or affect Defendants, and is not the basis for any cause of action or defense.

Defendants maintain that the information requested is relevant because it may reveal A&W's estimation of the amount of liability it has to Defendants and other similarly situated franchisees. Defendants have not established how this information is relevant and necessary to a claim or defense. The information sought, specifically whether the AGAB deal accounted for the existence of pending liabilities, is irrelevant. The only purpose for this information that the Court can glean is that Defendants seeks some sort of admission of guilt on the part of A&W, which is speculative at best. A&W's potential liability to Defendants is within the knowledge of Defendants. Moreover, A&W's motivation for pursuing this lawsuit arises out of Defendants' alleged failure to abide by the franchising agreements; the existence of some ulterior motive is irrelevant. A&W has the right to seek termination of the franchisee agreement and damages if it finds that there were legitimate breaches of the franchise agreement. *See S&R Corp. v. Jiffy Lube Intern., Inc.*, 968 F.2d 371, 375 (3d Cir. 1992)("The franchisor has the power to terminate the relationship where the terms of the franchise agreement are violated.").

Arguably, if Defendants had shown some degree of relevancy or necessity, the Court could craft a limited protective order that would safeguard the confidential information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)("The unique charter of the discovery process requires that the trial court have substantial latitude to fashion protective orders."). However, Defendants have failed to show how the information sought, which is confidential and proprietary, is necessary to their case. *See* 8A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2043 (3d ed. 2012)(explaining that the information sought must be shown to be relevant and necessary before a court can consider whether a limited protective order can be implemented).

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff A&W's motion for protective order is SUSTAINED.

Defendants have filed a motion for reconsideration and Plaintiffs have filed a motion for summary judgment. Once fully briefed, the Court will take these motions under continued submission.

cc: Counsel of Record