UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00093-H

LONG JOHN SILVER'S, INC.,
A&W RESTAURANTS, INC.,                                    PLAINTIFFS

V.

PATRICK NICKLESON, ET.AL.,                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants'[1] motion to reconsider this Court's January 7, 2013 Order denying Defendants' previous motion to transfer. For the following reasons, the Court will deny the motion.

I.

By way of background, this Court has previously denied Defendants' motion for transfer twice. *See* ECF No. 24, 71. In Defendants' first motion, they moved pursuant to 28 U.S.C. § 1404(a)[2] to transfer venue to the United States District of Minnesota, arguing, *inter alia*, that Minnesota was the more convenient forum and that most of the events relating to the dispute occurred in Minnesota. After weighing the nine factors enunciated by the Sixth Circuit in determining whether a motion to transfer venue under 28 U.S.C. § 1404(a) is warranted, this Court denied the motion on October 21, 2010. *See*

---

[1] Michael J. Iannacone, as Trustee of the Bankruptcy Estate of Patrick Nickleson, Patrick Nickleson Enterprises, LCC, Patricia Nickleson, LCC, and PBJ Enterprises, LLC (collectively, "Defendants"), submits this motion for reconsideration.

[2] Section 1404(a) provides in full:
> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

*Cowden v. Parker & Associates, Inc.,* 2010 WL 715850, *3 (E.D. Ky. Feb. 22, 2010)(outlining the nine factors).

In September of 2012, Defendants filed a second motion to transfer based on its subsequent bankruptcy filings. ECF No. 48.  Defendants advanced two statutory grounds to warrant a transfer of venue: 28 U.S.C. § 1412 and 28 U.S.C. § 1334(e).  The Court will briefly summarize its denial on both grounds, as the analysis is relevant to the motion currently before the Court.

In most critical respects, 28 U.S.C. § 1412 mirrors 28 U.S.C. § 1404(a), except that the former applies to bankruptcy proceedings exclusively.  *See City of Liberal v. Trailmobile Corp.*, 316 B.R. 358, 362 (D. Kan. 2004)("The plain language of § 1412 provides that it applies to a change of venue of a Title 11 Bankruptcy case or proceeding, while § 1404(a) refers generally only to a 'civil action.'").  This Court denied the motion to transfer pursuant to 28 U.S.C. § 1412, finding that at this advanced stage of the litigation, a transfer of venue would not be in the interest of justice and did not promote the convenience of the parties.

Defendants filed for bankruptcy in the District of Minnesota.  Under 28 U.S.C. § 1334(e)(1), "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such a case, and of property of the estate."  Defendants argued that the legal and equitable interests in the causes of actions pending in this Court, specifically their counterclaims, are property of the estate.  As such, Defendants argue that 28 U.S.C. § 1334(e) operates to divest this Court of jurisdiction and mandates the transfer of this matter to the district court in which the bankruptcy petition was filed.

2

However, the Court denied the transfer motion because prior to filing for bankruptcy, Defendants assigned all of their interests in the counterclaims against Plaintiffs to a third-party, Platinum Bank. The May 6, 2011 Assignment and July 2011 Assignment of Claims and Lawsuit Proceeds (collectively, the "Assignments") unequivocally state that Defendants assign "all existing or future claims, rights, interests, and causes of action against third parties, including, without limitation, franchisors with respect to its former or present franchised business." ECF No. 35-3. This Court found that "[p]ursuant to the unconditional and absolute assignment, Platinum Bank is the holder of interests in the counterclaims. As such, the counterclaims are not property of the estate and § 1334(e) is inapplicable." ECF No. 71. The Court will now entertain Defendants' third motion to transfer venue.

## II.

As this Court has recently discussed, a district court may reconsider and modify an interlocutory order under its common law powers and Federal Rule of Civil Procedure 56(b). *See Phat's Bar & Grill, Inc. v. Louisville-Jefferson Cnty. Metro Gov't*, 2013 WL 124063, *2-3 (W.D. Ky. Jan. 9, 2013). "Courts will reconsider interlocutory orders under Rule 54(b) 'as justice so requires' if 'there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Id*. (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). Defendants assert two theories for reconsideration: in their initial motion for reconsideration, they allege new evidence necessitates a transfer, and in their reply, they assert the Court committed clear error in its previous ruling. The Court will address each argument individually.

3

A.

Defendants base their first argument for reconsideration on new evidence. Following this Court's January 7, 2013 ruling denying Defendants' renewed motion to transfer, Platinum Bank and the Trustee negotiated a Clarifying Addenda and Amended Joint Prosecution Agreement.  In those documents, Defendants asserted that the previous Assignments were not an absolute assignment of the counterclaims, but rather a partial assignment.  As such, Defendants maintain that Platinum Bank merely has a security interest in the counterclaims being pursued in this matter.  Accordingly, Defendant argues that the Trustee retains a residual interest in the claim, and pursuant to 28 U.S.C. § 1334(e), the Court should transfer the matter to the United States District Court of Minnesota.

"To constitute newly discovered evidence, the evidence must have been previously unavailable." *GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)(internal quotation omitted).  The Clarifying Addenda and Amended Joint Prosecution Agreement are not new evidence.  Rather, they appear to re-write unfavorable documents that the Defendants acquiesced to prior to the Court's ruling. Perhaps Defendants' legal theory to transfer venue is newly discovered, but the Clarifying Addenda and Amended Joint Prosecution documents concocted to support this legal theory are not.  Defendant cannot use newly manufactured documents as a vehicle to transfer venue.

If Defendants meant to convey a security interest in the counterclaims to Platinum Bank, it could have done so in the Assignments.  However, Defendants choose not to, and since then, have not produced any new, previously unavailable, evidence to merit

4

reconsideration.   The law does not permit Defendant to retroactively amend the Assignment after the court has entered judgment.[3]  *See GenCorp, Inc.*, 178 F.3d at 834 (denying a motion to reconsider based on an amended settlement agreement that was technically not in existence prior to the district court's decision but "was certainly within [the parties'] power and control to revise . . . prior to the lower court's ruling").  In sum, the newly concocted Clarifying Addenda and Amended Joint Prosecution Agreement are not new evidence, and thus provide no basis for reconsideration.

## B.

Next, Defendants argue that the Court committed clear error in failing to find that Defendants retained an ownership interest in the counterclaims asserted in the case *sub judice*.  Defendants contend that 28 U.S.C. § 1334(e) vest jurisdiction to resolve this dispute exclusively within the United States District of Minnesota.[4]

A motion to reconsider "is neither an opportunity to reargue facts and theories upon which a court has previously ruled, nor a vehicle for presenting theories or arguments that could have been advanced earlier." *S.E.C. v. Bilzerian*, 729 F. Supp. 2d 9, 14 (D.D.C. 2010)(internal quotation and citation omitted).  This Court has previously held that as a result of the clear language of the Assignments,  Defendants do not hold a residual interest in their counterclaims against Plaintiffs, and as such, the legal and

---

[3] Defendants' motion stated "The Trustee is concurrently seeking the approval of the United States Bankruptcy Court for the District of Minnesota for the Amended Joint Prosecution Agreement." ECF No. 80-1.  Defendants' Reply makes no mention of whether the Trustee attained such approval.

[4] Notably, "even if the bankruptcy court properly has jurisdiction over property pursuant to 28 U.S.C.A. §1334(e), it may share this jurisdiction." 1 NORTON BANKR. L. & PRAC. 3d §4: 119 (2013). Here, the United States Bankruptcy Court of Minnesota has ordered that litigation may proceed in this Court. Moreover, the United States District Court for Minnesota has stayed the parallel proceeding in its court to allow this case to proceed in this venue.

equitable interests in the counterclaims are not property of the estate as defined by 28 U.S.C. § 1334(e).  ECF No. 71.

Defendants point to a few provisions in a hodgepodge of internally confusing contracts that purport to create a security interest in potential counterclaim proceeds. This Court has labored to reconcile the conflicting terms in the various contracts tendered to the Court.  The July 2011 assignment document, entitled Assignment of Claims and Lawsuits, states that Defendants

> do hereby assign, convey and quit claim to [Platinum Bank] all of [Defendants'] right, title, interest in and to all legal claims, rights of action, lawsuits, settlements and judgments in favor of [Defendants] arising out of the Lawsuits, and all of [Defendants'] right, title, interest and estate in and to the following: all existing or future claims, rights, interests, and causes of action against third parties, including without limitation, franchisors with respect to its former or present franchised business.  **This assignment is absolute and unconditional**.

ECF No. 35-3 (emphasis added).

This express language indicates that the parties intended to create an absolute assignment, not a security interest.  Defendant and Platinum Bank clearly knew how to create and perfect a security interest, as evidenced in the Deed in Lieu of Foreclosure Agreement, wherein it references a March 11, 2009 Security Agreement and Assignment of Deposits Accounts.  The Joint Prosecution Agreement is the first document purporting to characterize the assignment of counterclaims as a security interest. However, this document, dated over a year after the Assignments, does not negate the clear, unequivocal language of the absolute assignment.  The Assignments have all the indicia of an absolute assignment: there are no procedures for default; title is effectively transferred; and there exists no recourse provision.  In sum, the plain meaning of the

language in the Assignments evince an intention to create an absolute assignment. As such, this Court's previous conclusion stands.

III.

In sum, the new evidence cited is one of Defendants' making, manufactured after judgment. Defendants' argument for clear error merely rehashes failed positions advanced in its first two motions to transfer. The Court finds no compelling reason upon which to alter or amend its previously entered Memorandum Opinion and Order. ECF No. 71. The Court does not expect to consider this issue on a fourth occasion.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for reconsideration is DENIED. Plaintiffs' motion for summary judgment is now fully briefed, and the Court will consider it in due course.

cc:     Counsel of Record